**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD MOORE, <br><br> Plaintiff. <br><br> v. <br><br> DARSHAN SINGH MANN dba JOHNNY QUIK #109, et al., <br><br> Defendants. | No. 1:14-cv-00904---SKO <br><br> **ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE** |

On September 17, 2014, Plaintiff Ronald Moore ("Plaintiff") filed a Stipulation for Dismissal of this action which was signed by all parties, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

In relevant part, Rule 41(a)(1)(A) provides as follows:

[A] plaintiff may dismiss an action with a court order by filing: . . . (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

1   "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).  At this stage in the proceedings, Plaintiff has the absolute right to dismiss his claims, without prejudice.  *Duke Energy Trading and Marketing, L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001).  The filing of the notice itself has the effect of closing the action, and the Court no longer has jurisdiction over the claims.  *Id.*

Accordingly, the Clerk of the Court is HEREBY DIRECTED to close this file pursuant to the Stipulation for Dismissal filed on September 17, 2014.

IT IS SO ORDERED.

Dated:   **September 29, 2014**                      **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE